**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-3796-24

VINCENZINA MARTORANA,

    Plaintiff-Appellant,

v.

NEW JERSEY MANUFACTURERS
INSURANCE COMPANY,

    Defendant-Respondent.

_____

Submitted April 28, 2026 – Decided July 23, 2026

Before Judges Susswein and Chase.

On appeal from the Superior Court of New Jersey, Law Division, Somerset County, Docket No. L-0110-21.

Alfred C. Constants III (Constants Law Offices, LLC), attorney for appellant.

Flanagan, Barone, & O'Brien, LLC, attorneys for respondent (Rita F. Barone and Michael J. McCaffrey, on the brief).

PER CURIAM

Plaintiff Vincenzina Martorana appeals from the May 28, 2025 Law Division order granting summary judgment to defendant New Jersey Manufacturers Insurance Company. This property insurance coverage dispute was heard by two different judges. Plaintiff challenges the second judge's order, which reversed a finding of liability rendered by the first judge following a bench trial. After reviewing the record in light of the governing legal principles, we are constrained to reverse and remand for further proceedings. The second judge failed to provide plaintiff sufficient notice that the court would be reconsidering the bench trial findings made by the first judge. As a result, plaintiff was denied a fair opportunity to (re)argue those issues. In these circumstances, it is premature for us to address those issues on appeal.

I.

We presume the parties are familiar with the pertinent facts and procedural history, which we need only briefly summarize. This case arises from the mortgage foreclosure of a warehouse in which plaintiff was storing approximately fifty pieces of art and furniture while her home was under renovation. After the owners of the warehouse defaulted on their mortgage, a court directed the Sheriff to satisfy the judgment against them out of their personal property. The Sheriff then sold plaintiff's items stored in the

2

warehouse, apparently believing that they belonged to the owners of the warehouse.

Plaintiff sought coverage for the loss under her personal property insurance policy with defendant. The policy provided coverage for losses due to "attempted theft and loss of property from a known place when it is likely that the property has been stolen." However, defendant denied plaintiff's claim, maintaining that the Sheriff's sale was not a "theft" and also citing several policy exclusions. Plaintiff brought a breach of contract claim, which proceeded to a two-day bench trial before the first judge to hear this case. After hearing testimony and reviewing plaintiff's additional evidence, the first judge held that plaintiff's loss was due to "theft" and that defendant had breached the policy by denying coverage. However, with the exception of several small items, the first judge also determined that plaintiff had not produced sufficient evidence of the actual value of her lost items. The judge held that plaintiff could refile her claim with defendant for these items and retained jurisdiction.

Defendant attempted to settle the case, but the parties could not reach a resolution, with each side maintaining that the other was responsible for proving or assessing the actual value of the lost items. Plaintiff then moved to compel defendant to comply with the first judge's order. On that motion, the parties

3

appeared before another judge (second judge) than the one who heard the bench trial. The second judge scheduled a trial/proof hearing on the issue of actual value of the remaining items, but before that hearing, defendant moved for summary judgment, arguing that the first judge's order had resolved the matter and precluded any further litigation. The second judge then granted summary judgment to defendant, reversing the first judge's conclusion that defendant breached the policy and further holding that plaintiff failed to provide requisite proof of the actual value of the items. Specifically, the second judge concluded that the Sheriff's sale did not constitute a "theft" and also held that several policy exclusions precluded coverage.

This appeal followed. Plaintiff raises the following contentions for our consideration:

> POINT I
> BEFORE TRIAL, YOU CAN SUBMIT A SUMMARY JUDGMENT MOTION; NOT AFTER TRIAL.
>
> POINT II
> [DEFENDANT'S] FACTS DO NOT HAVE ANY CERTIFICATIONS THAT THEY ARE CORRECT FACTS.
>
> POINT III
> [DEFENDANT'S] SUMMARY JUDGMENT MOTION HAD BEEN RULED ON BY THE COURT.

A-3796-24

POINT IV
[THE SECOND JUDGE'S] FACTS ARE COMPLETELY ERRONEOUS AS THOSE FACTS WERE NEVER PRESENTED BY [DEFENDANT] AND, THUS, [THE SECOND JUDGE] HAS KNOWLEDGE OF FACTS THAT ARE OUTSIDE OF THE INSURANCE COVERAGE ACTION AND WERE NOT PRESENTED BY EITHER OF THE PARTIES.

Defendant responds:

POINT I
THE COURT CORRECTLY GRANTED SUMMARY JUDGMENT BEFORE A SCHEDULED TRIAL.

POINT II
DEFENDANT'S MOTION WAS ADEQUATELY SUPPORTED BY THE REQUIRED STATEMENT OF MATERIAL FACTS.

POINT III
SUMMARY JUDGMENT WAS PROPERLY GRANTED IN ADVANCE[] OF A SECOND TRIAL.

POINT IV
IN GRANTING SUMMARY JUDGMENT [THE SECOND JUDGE] RELIED UPON UNDISPUTED FACTS.

Plaintiff raises the following additional contentions in her reply brief:

POINT I
[DEFENDANT'S] RENEWED SUMMARY JUDGMENT WAS PROCEDURALLY BARRED AFTER PRETRIAL DENIAL AND A COMPLETED BENCH TRIAL RESOLVING LIABILITY[.]

A-3796-24

POINT II
LAW OF THE CASE AND DEFERENCE TO BENCH
TRIAL FINDINGS PRECLUDE A COORDINATE
JUDGE FROM OVERTURNING [THE FIRST
JUDGE'S] THEFT FINDING[.]

POINT III
MATERIAL FACTUAL DISPUTES PRECLUDE
SUMMARY JUDGMENT[.]

POINT IV
[DEFENDANT'S] NEW ARGUMENTS ARE
WAIVED AND FAIL ON THE MERITS[.]

POINT V
STANDARDS OF REVIEW COMPEL REVERSAL[.]

II.

We first address plaintiff's procedural challenge to the second judge's order, arguing that defendant's summary judgment motion was procedurally improper because it was filed "after trial"—i.e., after the September 2024 trial before the first judge—in violation of Rule 4:46-1. See R. 4:46-1 ("All motions for summary judgment shall be returnable no later than 30 days before the scheduled trial date . . . ."). Plaintiff suggests that while the second judge had discretion to "reconsider[] [the first judge's] prior interlocutory order[] in the interests of justice," he was not permitted to "entertain[] [a] new dispositive motion[]." Plaintiff further contends that defendant was obligated to file a post-

judgment motion—such as a motion for reconsideration or for relief from a judgment or order—rather than a motion for summary judgment.

In response, defendant argues that the second judge "scheduled a second trial" and that its motion for summary judgment was properly filed in advance of that trial.  Defendant acknowledges that the first trial ideally should have resolved the case, but since "[the second judge] decided to schedule, and did in fact, schedule another trial, the defendant was properly entitled to bring a motion for summary judgment, which motion the court was obligated to hear."

A trial court "has the inherent power to be exercised in its sound discretion, to review, revise, reconsider and modify its interlocutory orders at any time prior to the entry of final judgment."  Lombardi v. Masso, 207 N.J. 517, 534 (2011) (emphasis in original) (quoting Johnson v. Cyklop Strapping Corp., 220 N.J. Super. 250, 257 (App. Div. 1987)).  To that end, Rule 4:42-2(b) provides that

> any order or form of decision which adjudicates fewer than all the claims as to all the parties shall not terminate the action as to any of the claims, and it shall be subject to revision at any time before the entry of final judgment in the sound discretion of the court in the interest of justice.
>
> [(Emphasis added).]

Here, the first judge's order did not "adjudicate . . . all [of plaintiff's] claims," R. 4:42-2(b), as it left open her claim for damages with respect to all but a few of the items for which she sought coverage. The fact that the court retained jurisdiction "to hear any and all disputes related to th[e] judgment and order" further indicates that the matter had not yet reached a final judgment. As a result, the first judge's order was interlocutory, and thus pursuant to Rule 4:42-2(b), the court retained the inherent authority to revise it.

However, that authority is not without limits. Before revisiting a prior interlocutory order, a court must "provide the parties a fair opportunity to be heard on the subject." Lombardi, 207 N.J. at 537. Moreover, a judge who revises a prior order must "do more than simply state a new conclusion. Rather, [the judge] must apply the proper legal standard to the facts and explain [their] reasons." Ibid.

In Lombardi, our Supreme Court affirmed a judge's decision to vacate an interlocutory summary judgment order based on evidence produced during a subsequent proof hearing. Id. at 522-24. The Court noted, however, that after considering the evidence presented at the proof hearing, the judge first "advised the parties of his concern that the case was more complex than he had originally intuited and gave them the record of the proof hearing, ample time to prepare,

and an opportunity to weigh in on what he was considering."[1] Id. at 538 (emphasis added). The Court concluded that in those circumstances, "the trial judge abided by all of the relevant principles in determining to revisit his original summary judgment order." Ibid.

Applying these basic principles to the matter before us, while defendant's motion may have been technically permitted in advance of the second "trial," the second judge's resolution of the case on summary judgment—without holding a proof hearing—denied plaintiff a fair opportunity to be heard.

The record shows that, unlike the parties in Lombardi, plaintiff did not receive sufficient notice that the second judge would decide the issue of proof of actual value on summary judgment—let alone reconsider the first judge's holding that defendant breached the policy by denying coverage. The second judge's statements at the February 28, 2025 hearing indicated that the parties would appear for a "trial" or "proof hearing" limited to the issue of proof of the actual value of the remaining items. Furthermore, defendant's summary judgment motion essentially argued that the first judge's order was a final judgment prohibiting further re-litigation under res judicata; defendant did not

---

[1] Specifically, the judge in Lombardi "scheduled a full hearing" on the issue, "in which all parties participated." Id. at 522.

make substantive arguments about plaintiff's proof of value or suggest that the first judge's holding on breach-of-contract should be revisited.

In other words, neither the second judge nor defendant gave plaintiff reason to think that the second judge was going to decide the issue of proof of actual value on summary judgment, let alone reconsider the first judge's determination that defendant breached the policy, including her holding that plaintiff's loss was caused by a "theft" within the meaning of the policy.

In these unusual circumstances, we conclude plaintiff was denied the "critical . . . opportunity" to argue those issues before the second judge, Lombardi, 207 N.J. at 537, and therefore the May 28, 2025 order must be vacated and the matter remanded for further proceedings. Because we conclude that a remand is required to allow for further argument, we do not address plaintiff's additional, substantive challenges to the second judge's decision. We instruct the parties to provide the trial court with their appellate submissions.

Reversed and remanded for further proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

M.C. Harley

Clerk of the Appellate Division

10